UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATALE FRONTINO,

Plaintiff,

C.A. No. 06-85/ML

vs.

H.R.M., INC., and MARINE RESCUE SERVICES, INC.,

Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES WITH COUNTER-CLAIM[1]

NOW COME Defendants, H.R.M., Inc. and Marine Rescue Services, Inc. (collectively "HRM"), by their attorneys, Vetter & White, and without waiving their right to arbitrate and their claim that this entire matter is subject to arbitration, state the following:

1. Admit the allegations contained in paragraphs 1, 2, 4 and 5.

2. Deny the allegations contained in paragraphs 6, 7, and 10.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 and therefore deny all of the allegations contained therein.

---

[1] The herein Answer And Affirmative Defenses With Counter-Claim is a prophylactic pleading. While many circuits courts entertain pre-answer motions seeking to dismiss in lieu of arbitration, the law in this circuit is not as clear, and the herein Defendants did not wish to be in a position of default nor be deemed to have waived H.R.M., Inc.'s counterclaim. *See, e.g.*, Creative Tile Mktg. v. Sicis Intl'l, S.r.L., 922 F. Supp. 1534, 1537 (S.D.Fla. 1996) (stating that courts traditionally have entertained certain types of pre-answer motions -- such as a motion to compel arbitration and stay proceedings -- not specifically provided for in the Federal Rules of Civil Procedures.) The Answer And Affirmative Defenses With Counter-Claim is not intended to waive or otherwise impair in any fashion the Defendants' vigorous opposition to the Plaintiff's complaint, and specifically the Defendants' assertion that this entire matter should be dismissed or, alternatively, stayed in favor of arbitration. A motion seeking to dismiss this matter and/or seeking to stay and compel arbitration is being filed concurrently with this pleading. Finally, and in the interest of judicial efficiency, the defendants have not filed a third-party complaint against the motor vessel M/V SKYZ THE LIMIT seeking to enforce H.R.M., Inc.'s salvage lien although the Defendants respectfully reserve their right to do so.

4. Answer the allegations contained in paragraph 8 by admitting that on July 8, 2005 and while located in Block Island, Rhode Island, the Plaintiff's vessel was in a position of peril, but except as so specifically admitted deny all of the remaining allegations.

5. Answer the allegations contained in paragraph 9 by admitting that Defendant H.R.M., Inc.'s salvage vessel responded to the Plaintiff's vessel on July 8, 2005, that the plaintiff entered into a salvage contract with H.R.M., Inc., and that H.R.M., Inc. successfully extricated the Plaintiff's vessel from its position of peril, but except as so specifically admitted deny all of the remaining allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

6. The Plaintiff's claims are subject to arbitration pursuant to a written and signed agreement.

### Second Affirmative Defense

7. The Plaintiff agreed in writing to arbitrate "any dispute" regarding the salvage or the reasonableness of fees or charges.

### Third Affirmative Defense

8. The Complaint should be dismissed in favor of arbitration pursuant to the Supreme Court's decision in Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395 (1967).

### Fourth Affirmative Defense

9. The Complaint should be dismissed or this action should be stayed pursuant to the Federal Arbitration Act, 9 U.S.C. 2, *et seq.*

Fifth Affirmative Defense

10. The Complaint fails to state a cause of action.

Sixth Affirmative Defense

11. The Complaint fails to state a cause of action for which relief may be granted.

Seventh Affirmative Defense

12. The Complaint fails to plead facts adequate to support declaratory relief pursuant to 28 U.S.C. § 2201 and its interpretative case law.

Eighth Affirmative Defense

13. Defendant Marine Rescue Services, Inc. is not a proper party to this matter.

Ninth Affirmative Defense

14. The Plaintiff is subject to the terms and conditions of the Standard Form Marine Salvage Contract which he executed on July 8, 2005.

Tenth Affirmative Defense

15. The Plaintiff has failed to join an indispensable party.

**FURTHER ANSWERING THE COMPLAINT AND AS A COUNTER-CLAIM AGAINST PLAINTIFF NATALE FRONTINO**

16. The defendants repeat, reallege and reaffirm each and every admission, denial, and averment contained in the preceding paragraphs, inclusive, as if set forth in full herein.

17. On July 8, 2005, the M/V SKYZ THE LIMIT was in a position of peril while located in Block Island, Rhode Island.

18. The M/V SKYZ THE LIMIT requested assistance in freeing itself from its position of peril.

19. H.R.M., Inc. successfully extricated the M/V SKYZ THE LIMIT from its position of peril.

20. The owner of the M/V SKYZ THE LIMIT accepted the services of H.R.M., Inc.

21. H.R.M., Inc. was under no pre-existing duty or obligation to render salvage services to the M/V SKYZ THE LIMIT.

22. The salvage services rendered by H.R.M., Inc. preserved nearly all of the M/V SKYZ THE LIMIT's value and prevented its total loss and/or the loss of its equipment, tender(s), and appurtenances.

23. H.R.M., Inc. rendered its salvage services on a no-cure/no-pay, fixed fee basis pursuant to a Standard Form Marine Salvage Contract which was signed by the Plaintiff.

24. Pursuant to the General Maritime Law, Plaintiff Natale Frontino, as owner of the M/V SKYZ THE LIMIT is liable, in personam, for the salvage services rendered by H.R.M., Inc.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Plaintiff's Complaint, or dismiss the Plaintiff's Complaint and compel arbitration pursuant to the plain language contained in the Standard Form Marine Salvage Contract or, alternatively, that this Honorable Court provide it a liberal salvage award for the salvage services rendered to the M/V SKYZ THE LIMIT. In addition, the Defendants seek attorneys fees', costs, and interest as well such other, further, and different relief as this Honorable Court may deem just and appropriate.

Michael J. Daly

Benjamin V. White, Esq., No. 1652
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
bwhite@vetterandwhite.com

March 27, 2006

Of counsel: John Fulweiler, Esq., DeOrchis and Partners, New York, New York
Pro hac vice motion pending

<u>Certification</u>

I hereby certify that on this 27th day of March, 2006, I served a true and accurate copy of the foregoing motion for pro hac vice admission upon Robert E. Collins, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, by first-class, postage prepaid mail.

Michael J. Daly