UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATALE FRONTINO,

Plaintiff,

C.A. No. 06-85/ML

vs.

H.R.M., INC., and MARINE RESCUE SERVICES, INC.,

Defendants.

**DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STAY AND COMPEL ARBITRATION**

Defendants, H.R.M., Inc. and Marine Rescue Services, Inc. (collectively "HRM"), hereby move on the declaration of John D. Andrews (appended to HRM's supporting memorandum of law filed herewith) and pursuant to the Federal Arbitration Act 9 U.S.C. §§ 3 – 4, as well as attendant case law, that this Honorable Court dismiss plaintiff's claims, or alternatively, compel arbitration and stay the action pending an arbitration award.

Pursuant to LR Cv 7(a), HRM files herewith a supporting memorandum of law.

Pursuant to LR Cv 7(e), HRM states that a hearing on this motion is not necessary.

Michael J. Daly

Benjamin V. White, Esq., No. 1652
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
bwhite@vetterandwhite.com

March 27, 2006

Of counsel: John Fulweiler, Esq., DeOrchis and Partners, New York, New York
Pro hac vice motion pending

Certification

I hereby certify that on this 27th day of March, 2006, I served a true and accurate copy of the foregoing motion upon Robert E. Collins, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, by first-class, postage prepaid mail.

Michael J. Daly

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATALE FRONTINO,

Plaintiff,

C.A. No. 06-85/ML

vs.

H.R.M., INC., and MARINE RESCUE SERVICES, INC.,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STAY AND COMPEL ARBITRATION**

NOW COME Defendants, H.R.M., Inc. and Marine Rescue Services, Inc. (collectively "HRM"), by their attorneys, Vetter & White, and pursuant to the Federal Arbitration Act 9 U.S.C. §§ 3 - 4, ("FAA"), as well as attendant case law, respectfully request that this Honorable Court dismiss this action, or stay the action and compel arbitration. The grounds for HRM's motion are more fully set forth below.

## INTRODUCTION

HRM and the motor vessel SKYZ THE LIMIT's owner, Mr. Natale Frontino, (hereinafter "Vessel Owner"), are parties to a written Standard Form Marine Salvage Contract (hereinafter sometimes referred to as "Salvage Contract"). The Salvage Contract requires the parties to, among other things, submit "any disputes" arising out of the salvage services provided by HRM to binding arbitration. The Plaintiff, however, in blatant disregard of the plain language of the arbitration term wrongfully filed the instant lawsuit seeking a judicial declaration that the entire Salvage Contract is unenforceable.

In light of Supreme Court precedent, this Honorable Court should dismiss the lawsuit, or, in the alternative, and pursuant to the federal policy of favoring arbitrability of agreements embodied in the FAA, this Honorable Court should dismiss the Complaint (9 U.S.C. § 4) and refer the parties to arbitration or, alternatively, stay this lawsuit (9 U.S.C. § 3) and refer the parties to arbitration.

## STATEMENT OF FACTS

1. The M/V SKYZ THE LIMIT is a recreational motor yacht of approximately thirty-two feet (32') length and manufactured in 2003.

2. On July 8, 2005, the M/V SKYZ THE LIMIT was in distress in the vicinity of Great Salt Pond in Block Island, Rhode Island. (Complaint ¶ 8)

3. The M/V SKYZ THE LIMIT contacted HRM seeking assistance in freeing itself from its position of peril.

4. HRM is a professional marine salvage company providing twenty-four hour, year-round services to vessels located in Narragansett Bay, Block Island Sound, Rhode Island Sound, and the Atlantic Ocean.[1]

5. Ultimately, the Plaintiff retained HRM to extricate his vessel from its position of peril. Following the salvage, and after the Casualty was freed from its position of peril, the Plaintiff executed the Salvage Contract.

6. Paragraph number 10 of the Salvage Contract contains the following arbitration provision:

> In the event of any dispute regarding this salvage or concerning the reasonableness of any fees or charges due hereunder, all parties

[1] HRM was held to be a professional marine salvor in prior litigation. H.R.M., Inc. v. S/V Venture VII, 972 F. Supp. 92 (D.R.I. 1997) ("In this case, the fact that H.R.M. is a professional salvage company, ready at all times to render the same prompt, skillful and energetic service it provided here weighs in favor of a liberal salvage award.")

> agree to binding arbitration under The BOAT/U.S. Salvage Arbitration Plan.[2]

7. HRM subsequently sought a salvage award from the vessel owners for the salvage services it rendered.

8. On February 23, 2006, the instant litigation was commenced.

9. As of this writing, no discovery has been undertaken nor exchanged.

## LAW & ARGUMENT

## POINT I

## STANDARD OF REVIEW

The standard governing a motion to compel arbitration is well-established. Where there is an agreement to arbitrate, the FAA reflects a strong federal policy favoring arbitration. HIM Portland, LLC v. DeVito Builders, Inc., 317 F.3d 41, 43 (1st Cir. 2003); KKW Enters. v. Gloria Jean's Gourmet Coffees Franchising Corp., 184 F.3d 42, 50 (1st Cir. 1990) (quoting Vimar Seguros Y Reaseguros, S.A. v. M/V SKY REEFER, 29 F.3d 727, 730 (1st Cir. 1994), aff'd 515 U.S. 528 (1995). Federal law mandates the rigorous enforcement of arbitration agreements. *See* Perry v. Thomas, 482 U.S. 483, 490 (1987); Brennan v. King, 139 F.3d 258, 264 (1st Cir. 1998). Pursuant to the FAA, this Honorable Court must evaluate the facts and the positions espoused by the parties in light of the "liberal federal policy favoring arbitration agreements" that "requires a liberal reading of [such] agreements . . . ." Moses H. Cone Memorial Hospital v. Mecury Constr. Corp., 460 U.S. 1, 24 (1983), KKW Enterprises, 184 F.3d at 49. Accordingly, any doubts

[2] See Salvage Contracted annexed as Exhibit "A" to the Declaration of John D. Andrews. Also note that the kind of language employed in the Salvage Contract's arbitration provision has been characterized by other courts as amounting to a "broad arbitration provision." *See, e.g.*, Bayouth v. Guzman Pinal, 2003 U.S. Dist. LEXIS 3280 (D.P.R. 2003). Finally, the submission of the Salvage Contract with the herein motion does not transform this application into a motion for summary judgment as the Salvage Contract is integral to the Plaintiff's claims and forms the basis of the Plaintiff's Complaint. Clorox Co. v. Proctor & Gamble Comm. Co., 228 F.3d 24, 32 (1st Cir. 2000) ("We 'may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment.'")

concerning the scope of arbitrable issues should be resolved in favor of arbitration. Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985).

Furthermore, dismissal in this instance is appropriate and consistent with 9 U.S.C. §§ 3-4. Several Courts of Appeals -- including the First Circuit -- recognize that where all the issues presented in a lawsuit are arbitrable, the district court may exercise its discretion to dismiss the complaint. Large v. Conseco Fin. Servicing Corp., 167 F. Supp. 2d 203, 207 (D.R.I. 2001) (citing Bercovitch v. Baldwin School, Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998); Seus v. Nuveen & Co., Inc., 146 F.3d 175, 179 (3rd Cir. 1998); Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992); Duferco Steel Inc., v. M/V Kalisti, 121 F.3d 321, 327 (7th Cir. 1997); Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 637-38 (9th Cir. 1988)).

**POINT II**

THIS MATTER SHOULD BE DISMISSED

A. The FAA Is Applicable To The Instant Dispute

Federal substantive law governs the question of arbitrability. See Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). The FAA provides in pertinent part:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2

The Plaintiff's Complaint concerns HRM's claim for a salvage award pursuant to a maritime salvage contract, and the Plaintiff's Complaint (¶ 1) asserts admiralty jurisdiction as its sole basis for jurisdiction. See Andrews v. Wall, 44 U.S. 568 (1847) (acknowledging that a contract for marine salvage is a maritime contract.) Accordingly, the Court should apply the FAA to the case at bar.

B. The United States Supreme Court's Decision in *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*[3] Requires Dismissal of the Plaintiff's Complaint.

Even the most cursory review of the Plaintiff's Complaint reveals that the Plaintiff asserts that the entire Salvage Contract -- and not merely the arbitration provision -- is unenforceable. *See, e.g.*, Complaint ¶ 10 ("Plaintiff asserts that the contract was entered into under duress, misrepresentation and/or is unfair and unenforceable."); Complaint Prayer ¶ 1 ("[T]he salvage contract is unenforceable.") In fact, no where in the Plaintiff's Complaint is there even a single reference to the arbitration term contained within the Salvage Contract. Accordingly, this case is wholly governed by the United States Supreme Court's holding in Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395 (1967).

The Prima Paint decision instructs that in cases governed by the FAA (such as the instant matter), arbitration clauses are separable from the contracts in which they are included. As a result, a claim of fraudulent inducement of the contract itself is a matter to be resolved by the arbitrator, whereas a claim that a specific arbitration clause was fraudulently induced is for the Court to decide because such a claim puts the making of the arbitration agreement in issue. Prima Paint, 388 U.S. at 402-04. Specifically, the Supreme Court stated as follows:

> Accordingly, if the claim is fraud in the inducement of the arbitration clause itself -- an issue which goes to the "making" of the agreement to arbitrate -- the federal court may proceed to adjudicate it. But the statutory language does not permit the

[3] Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395 (1967).

> federal court to consider claims of fraud in the inducement of the contract generally . . . . In so concluding, we not only honor the plain meaning of the statute but also the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts.

Id. at 404. (Emphasis added)

The Prima Paint holding applies to the case at bar, and necessitates that the Plaintiff's lawsuit be dismissed in its entirety.

The First Circuit is no stranger to the tenets expressed in the Prima Paint decision. For instance, in Unionmutual Stock Life Ins. Co. v. Beneficial Life Ins. Co., 774 F.2d 524, 529 (1st Cir. 1985), a life insurance company's attempt to rescind a contract based on mutual mistake or frustration of purpose did not undermine the arbitration term contained within the contract. In other words, the arbitration term contained within the disputed contract was deemed severable and enforceable:

> Contrary to Beneficial's assertion, the fact that its attempt to rescind the entire agreement is based on the grounds of frustration of purpose rather than on fraud in the inducement does not change applicability of the severability doctrine. The teaching of Prima Paint is that a federal court must not remove from the arbitrators consideration of a substantive challenge to a contract unless there has been an independent challenge to the making of the arbitration clause itself. The basis of the underlying challenge to the contract does not alter the severability principle. Thus, the Seventh Circuit, applying Prima Paint to a case similar to the one before us, held that a party could not avoid arbitration through rescission of an entire agreement when it had made no independent challenge to the arbitration clause.

Id. at 529. (Internal citations omitted.)

Furthermore, the Plaintiff does not assert that the Salvage Contract is void, but rather that it is voidable - a distinction with a difference. The Prima Paint decision has been consistently interpreted by its progeny to apply to challenges to avoid or rescind a contract. Thus, the instant

Plaintiff's concession that a contract exists (Complaint ¶ 10), but that it is unenforceable because it was allegedly entered into under duress, misrepresentation and/or is unfair falls squarely within the Supreme Court's decision in Prima Paint and is subject to arbitration. Compare Gregory v. Interstate/Johnson Lane Corp., 1999 U.S. App. LEXIS 20862 (4th Cir. 1999), where the plaintiff's allegation of a forged signature on the arbitration agreement was deemed to concern a dispute about the very existence of a contract and an issue properly addressed by the court, with Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988), where the Ninth Circuit stated:

> In opposition to the motion for a stay the plaintiffs argued that the arbitration clause did not apply because the plaintiffs were fraudulently induced to enter the contract. As the district court pointed out, however, fraud claims must be submitted to arbitration unless the arbitration clause itself was fraudulently induced. The plaintiffs did not claim that the clause itself was fraudulently induced. Thus the plaintiffs could not possibly win relief and the dismissal was appropriate even though it was on the court's own motion.

Id. at 638. (Internal citations omitted.)

## CONCLUSION

The Plaintiff challenges the enforceability of the entire Salvage Contract and not the specific arbitration provision at issue. The arbitration provision is broadly worded and encompasses the issues in dispute. Therefore, this Court should dismiss the Complaint in favor of arbitration.[4] In the alternative, and pursuant to the Federal Arbitration Act, this Court should dismiss or stay the lawsuit and refer the parties to arbitration.

Benjamin V. White, Esq., No. 1652
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
bwhite@vetterandwhite.com

March 27, 2006

Of counsel:
John Fulweiler, Esq., Pro hac vice motion pending
DeOrchis and Partners
New York, New York

Certification

I hereby certify that on this 27th day of March, 2006, I served a true and accurate copy of the foregoing upon Robert E. Collins, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, by first-class, postage prepaid mail.

4 The Defendants' intention is that all of the issues before this Honorable Court be arbitrated in accord with the terms of the Salvage Contract. By seeking a dismissal of the Complaint, the Defendants do not intend to impair their counterclaim, which they contemplate pursuing at arbitration.