**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 06-85-ML**

**NATALE FRONTINO,**
**Plaintiff**

**VS.**

**H.R.M., INC., and**
**MARINE RESCUE SERVICE, INC.**
**Defendants**

**PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201, ET.SEQ. AND F.R.CIV.P.57**

Now comes the Plaintiff, Natale Frontino, in the above-entitled action, by and through his undersigned counsel, Clinton & Muzyka, P.C., and files his Amended Complaint for Declaratory Judgment and states as follows:

**JURISDICTION**

1. This action is an action brought pursuant to the court's admiralty jurisdiction, 28 U.S.C. §1333, and is a matter within the meaning of Rule 9(h), of the Federal Rules of Civil Procedure.

**VENUE**

2. Venue is properly established in this court pursuant to 28 U.S.C. §1391(b), in that the incident occurred on Block Island, Rhode Island, within the jurisdiction of this Honorable Court.

**THE PARTIES**

3. The Plaintiff, Natale Frontino, is a resident of 14 Raven Street, Middleboro, Massachusetts and at all times material hereto was the owner of the M/V SKYZ THE LIMIT, a 32 foot Searay Sundancer.

4. The Defendant, H.R.M., Inc. is a Rhode Island corporation with a principal place of business at 60 Reynolds Street, Wickford, Rhode Island.

5. The Defendant, Marine Rescue Service, Inc., is a Rhode Island corporation with a principal place of business at 60 Reynolds Street, Wickford, Rhode Island.

**CLAIM FOR RELIEF**

6. This is an action brought pursuant to 28 U.S.C. §2201 et. seq. and Rule 57 of the Federal Rules of Civil Procedure and seeks a declaration concerning the enforceability of the arbitration provision, liability to defendants for any alleged marine services, and, if so, in what amount.

**COUNT I**

7. Natale Frontino reaffirms and realleges his allegations contained in Paragraphs 1 through 6, inclusive, with the same force and affect as if more fully set forth herein.

8. On July 8, 2005, the plaintiff and his family were visiting Block Island, Rhode Island when a line became fouled in the propeller.

9. The defendant maintains that at 1305 hours on July 8, 2005, it attended the vessel and entered into a salvage contract to re-float the vessel.

10. The Rhode Island Standard Form Marine Salvage Contract, allegedly entered into on July 8, 2005, between the plaintiff, Natale Frontino, and defendants contain the following provision:

> 6. In the event of any dispute regarding this salvage or concerning the reasonableness of any fees or charges due hereunder, all parties agree to binding arbitration under the BOAT/US Salvage Arbitration Plan.

11. Plaintiff asserts that the Arbitration Clause was entered into under duress, misrepresentation and/or is unfair and unforceable.

**WHEREFORE**, the plaintiff, Natale Frontino, prays for a Judgment declaring that

1) the Arbitration Agreement Clause is unenforceable.

## COUNT II

12. Natale Frontino reaffirms and realleges his allegations contained in Paragraphs 1 through 11,

inclusive, with the same force and affect as if more fully set forth herein.

13. Plaintiff asserts that the contract was entered into under duress, misrepresentation and/or is unfair and unenforceable.

**WHEREFORE**, the plaintiff, Natale Frontino, prays for a Judgment declaring that:

1) the salvage contact is unenforceable;

2. he is not liable for any services performed by the defendants and/or;

3. for a determination as to the value of the services, if any; and

4. such other and further relief as this Honorable Court deems just and proper.

Dated at Boston, MA this _____ day of April, 2006.

Respectfully Submitted,

By his attorneys,

**CLINTON & MUZYKA, P.C.**

**Robert E. Collins**
**BBO NO. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165