**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 06-85-ML**

**NATALE FRONTINO,**
**Plaintiff**

**VS.**

**H.R.M., INC., and**
**MARINE RESCUE SERVICE, INC.**
**Plaintiff**

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTER-CLAIM**

Now comes the plaintiff, Natale Frontino, in the above-entitled action, by and through his undersigned counsel, Clinton & Muzyka, P.C., and files his Answer to Defendant's Counter-Claim as follows:

16. The plaintiff denies the allegations contained in Paragraph 16.

17. The plaintiff denies the allegations contained in Paragraph 17.

18. The plaintiff denies the allegations contained in Paragraph 18.

19. The plaintiff denies the allegations contained in Paragraph 19.

20. The plaintiff admits the allegations contained in Paragraph 20.

21. The allegations contained in Paragraph 21 are statements of law to which is no answer is required of this defendant. To the extent an answer is required, the defendant denies the allegations contained in Paragraph 21.

22. The plaintiff denies the allegations contained in Paragraph 22.

23. The plaintiff denies the allegations contained in Paragraph 23.

24. The allegations contained in Paragraph 24 are statements of law to which is no answer is required of this defendant. To the extent an answer is required, the defendant denies the allegations contained in Paragraph 24.

**WHEREFORE**, the plaintiff prays that defendant's Counter-Claim be dismissed together with costs and reasonable attorneys' fees.

**AFFIRMATIVE DEFENSES**

The plaintiff incorporates the following Affirmative Defenses into their Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the plaintiff states that Defendant's Counter-claim in Admiralty for Salvage should properly be dismissed because the services provided were for towage only.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the plaintiff states that Defendant's Counter-

claim in Admiralty for Salvage should properly be dismissed because the plaintiff forced its services upon the plaintiff by duress, misrepresentation, and/or the alleged Salvage Contract is unfair and unenforceable.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** the plaintiff states that Defendant's Counter-claim in Admiralty for Salvage should properly be dismissed because a maritime peril did not exist at the time the plaintiff forced and/or provided its service to the vessel.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** the plaintiff states that if the defendant is entitled to salvage award, which is specifically denied, the level of skill and effort of the services provided by the plaintiff were de minimus.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the plaintiff states that if the defendant is entitled to a salvage award, which is specifically denied, the value of the property employed and the costs of labor and materials expended by the plaintiff were de minimus.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the plaintiff states that if the defendant is entitled to a salvage award, which is specifically denied, the defendant was not placed in danger and there was no risk or liability to the defendant or its equipment.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the plaintiff state that if the defendant is entitled to a salvage award, which is specifically denied, the time and expense of the services provided by the defendant were de minimus.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the plaintiff state that Defendant's Counter-claim in Admiralty for Salvage should properly be dismissed because the plaintiff had a duty under agreement with the plaintiff, Natale Frontino, to assist and provide towage services.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the plaintiff states that if the defendant is entitled to a salvage award, including any special compensation/reward, which is specifically denied, such award should not assess any amount for environmental damage and/or risk because there was no oil spill and/or threat of oil spill or contamination or damage to the environment.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the plaintiff state that if the defendant is entitled to damage as alleged, which is specifically denied, such underlying cause of action was without the fault, knowledge, or privity of the plaintiff; that the damages claimed herein exceed the value of the vessel,

including her pending freight; and the plaintiff herewith claim benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the plaintiff, 46 USCA, Appx. § 183(b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the plaintiff state that all claims and defenses applicable to this action are governed by the Federal Substantive General Maritime Law.

Respectfully Submitted,

By his attorneys,

**CLINTON & MUZYKA, P.C.**

**Robert E. Collins**
**BBO NO. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by: hand, mail, overnight mail, facsimile on 4-21-06