**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 06-85-ML**

**NATALE FRONTINO,**
**Plaintiff**

**VS.**

**H.R.M., INC., and**
**MARINE RESCUE SERVICE, INC.**
**Defendants**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STAY AND COMPEL ARBITRATION**

Now comes the Plaintiff, Natale Frontino, in the above-entitled action, by and through his undersigned counsel, Clinton & Muzyka, P.C., and submits his Opposition to Defendant's Motion to Dismiss or, Alternatively, Motion to Stay and Compel Arbitration.

## I. THE CLAIM

This matter involves a claim for contract salvage services provided by H.R.M., Inc. on July 8, 2005 at Great Salt Pond on Block Island, Rhode Island. The assured agreed to the salvage services and signed the salvage agreement for a consideration of 15% of the insured value {$19,125.00]

## II. THE FACTUAL CIRCUMSTANCES

The M/V SKYZ THE LIMIT is a 2003, 32′ Sea Ray (O.N. 1146284) owned by Natale Frontino of Middleboro, Massachusetts. The vessel grounded in Great Salt Pond at Block Island due to a fouled propeller with four passengers onboard. Review of the DVD and audio transmissions indicate that Safe/Sea attended and advised that it was willing to tow the vessel off on a salvage basis. Extensive discussions ensued between the assured and the Safe/Sea Captain. During those discussions, the Safe/Sea Captain represented that if the vessel remained on the rocks overnight it would be holed and that the forecast was for worsening weather which would cause further damage to the vessel. On those representations, the assured agreed to the contract salvage, signed the salvage agreement, and negotiated an agreed value for the salvage at the level of 15% of the insured value (not residual value as is normal for pure salvage). The DVD evidences a very low order of salvage, consisting of placing a line on the bow and towing the vessel off a sand ground, at a total time of 3 minutes and 9 seconds. The vessel was then towed to a dock and the Safe/Sea Captain dove on the vessel to inspect/free the propeller. This was the full extent of the work performed by Safe/Sea. The salvage contract indicates a starting

time at 1305 hours. The incident report indicates a redelivery at Champlin's Marina at 1345 hours, for a total time involvement of 40 minutes.

The salvage contract contains a preprinted clause that it is a "No Cure, No Pay" contract and has a clause that states that "In the event of any dispute regarding this salvage or concerning the reasonableness of any fees or charges due hereunder" the parties will arbitrate with BOAT/US. More importantly, the salvage contract also has a handwritten insertion for agreed compensation at the level of 15% of the insured value. This provision is initialed by the vessel owner.

## III. THE APPLICABLE LAW

In *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), the court held that fraud in the inducement of the making of a contract is a question for the arbitrators, not the court, unless the fraud was concerned with the arbitration agreement itself. Conversely, in *Three Valleys Mun. Water Dist. V. E.F. Hutton & Co.*, 925 F.2nd 1136 (9th Cir. 1991), the panel held that a court, not the arbitrators, must interpret the contract to determine whether the parties are bound by an arbitration agreement.

The general rule for salvage contracts is that it will be enforced according to its terms if it was fairly entered into without compulsion, fraudulent misrepresentation, or mistake of fact, even if the stipulated amount turns out to be higher or lower than the value of the services. *The Elfrida*, 172 U.S. 186 (1898). A salvage contract is reviewable for fairness if it was entered into while the promissory was in distress. *Black Gold Marine Inc. v. Jackson Marine Co.*, 759 F.2nd 466 (5th Cir. 1985).

**V. ARGUMENT**

Defendant has filed a Motion to Dismiss, making a distinction between alleging that the agreement as a whole was entered into under duress and that the arbitration clause was entered into under duress. Defendant correctly notes the under the United States Supreme Court decision in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), if the suit only alleges that the agreement as a whole was entered into under duress then it is proper for determination by the arbitration panel. Accordingly, Plaintiff has moved to Amend his complaint to allege in a separate count that the arbitration clause itself was entered into under duress, misrepresentation and/or is unfair and unenforceable. Plaintiff maintains that this Amended Complaint has cured the alleged defect and is,

therefore, proper for determination by this Honorable Court.

**WHEREFORE**, Plaintiff prays this Honorable Court deny Defendants' Motion To Dismiss Or, Alternatively, To Stay And Compel Arbitration.

Respectfully Submitted,

By his attorneys,

**CLINTON & MUZYKA, P.C.**

**Robert E. Collins**
**BBO NO. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

CERTIFICATE OF SERVICE

hereby certify that a true copy of the abo
document was served upon the attorney of reco
for each party by hand, mail, overnight mail,
facsimile, on 4-18-06