UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATALE FRONTINO,

Plaintiff,

C.A. No. 06-85/ML

vs.

H.R.M., INC., and MARINE RESCUE SERVICES, INC.,

Defendants.

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Defendants, H.R.M., Inc. and Marine Rescue Services, Inc., hereby object to plaintiff Natale Frontino's Motion to Amend Complaint on grounds set out in the accompanying memorandum of law.

Benjamin V. White, Esq., No. 1652
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
bwhite@vetterandwhite.com
mdaly@vetterandwhite.com

April 25, 2006

Of counsel: John Fulweiler, Esq., DeOrchis and Partners, New York, New York
Pro hac vice motion pending

Certification

I hereby certify that on this 25th day of April, 2006, I served a true and accurate copy of the foregoing objection upon Robert E. Collins, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, by first-class, postage prepaid mail.

/Melanie Zoretta/

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN ADMIRALTY

NATALE FRONTINO,

Plaintiff,

Civil Action No.: 06-00085

- against -

H.R.M., INC., and MARINE RESCUE SERVICES, INC.,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO NATALE FRONTINO'S OBJECTIONS AND MEMORANDUM OF LAW OBJECTING TO PROPOSED AMENDED COMPLAINT**

NOW COME Defendants, H.R.M., Inc. and Marine Rescue Services, Inc. (collectively "HRM"), by their attorneys, Vetter & White, and submit the following memorandum of law in reply to Natale Frontino's objections to HRM's motion to dismiss/compel, and in vigorous objection to Natale Frontino's wholly inappropriate attempt to recast his complaint by way of a motion to amend so as to avoid arbitration.

## INTRODUCTION

Natale Frontino (hereinafter "Vessel Owner" or "Frontino") filed the instant declaratory judgment on the sole basis that the marine salvage "[contract] was entered into under duress, misrepresentation and/or is unfair and unenforceable." (Complaint ¶ 10) HRM timely moved to dismiss on the basis that Supreme Court precedent required Frontino's assertions of the entire contract being unenforceable to be resolved at arbitration. Now, Frontino fully concedes that his Complaint as pleaded is subject to arbitration, but seeks to amend the Complaint so as to recast

the pleading as a challenge to the arbitration term instead of the entire contract! Frontino's efforts are in bad faith, are expressly rejected by Fed. Rule Civ. P. 15 and its progeny, undermine judicial efficiency, and have forced HRM to incur unnecessary attorneys' fees and costs.

Accordingly, this Honorable Court should dismiss the lawsuit, and set the matter for an inquest on HRM's request for attorneys' fees and costs.

## STATEMENT OF FACTS

Frontino does not object to any of the facts as set forth by HRM in its moving brief, and HRM submits that the same must therefore be deemed as admitted. HRM vigorously opposes Frontino's factual recitation as self-serving. Notwithstanding, none of the alleged facts proffered by Frontino provide a basis on which to amend his complaint.

## LAW & ARGUMENT

### POINT I

### FRONTINO'S OBJECTION TO THE MOTION TO DISMISS IS UNTIMELY AND SHOULD BE REJECTED

Upon the filing of HRM's moving papers, this Honorable Court ordered that a response to the same must be made on or before Thursday, April 13, 2006. [Dkt. 8] Without explanation, Frontino filed his objections on April 21, 2006, and served the same by facsimile on April 18, 2006. Both efforts were untimely under either the plain language of this Honorable Court's March 27, 2006 docket entry ("*MOTION to Dismiss or, alternatively, MOTION to Stay and Compel Arbitration, with Supporting Memo by H.R.M. Inc., Marine Rescue Service, Inc. Responses due by 4/13/2006 (Duhamel, John) (Entered: 03/27/2006)*") (emphasis added), as well as under the Local Rule, Cv 7(b)(1) providing ten (10) days by which to file and serve an objection to a motion. Furthermore, Frontino did not seek leave to file his untimely objection.

Frontino's filing of the instant lawsuit is a stage act choreographed by his marine insurer for the purpose of avoiding its obligation under a marine salvage contract that he personally executed. Frontino's delay in timely serving and filing objections prejudices HRM in that it undermines the timely resolution of this matter and resulted in HRM incurring additional attorneys' fees. This Honorable Court should reject Frontino's objection, and grant HRM's requested relief. *See, e.g.*, Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35 (1st Cir. 2004) (affirming district court's grant of summary judgment in favor of movant where, among other reasons, respondent failed to timely file and serve its objection).

**POINT II**

FRONTINO FULLY CONCEDES THE BASIS FOR HRM'S MOTION TO DISMISS SUCH THAT IT MUST BE GRANTED

In the event this Honorable Court entertains Frontino's late filing, HRM is entitled to its requested relief because Frontino fully concedes that the Supreme Court's decision in Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395 (1967), is controlling and that it instructs that a challenge to an entire contract containing an arbitration term is properly resolved by arbitration. (Objection, p. 4) (*"Defendant [sic] correctly notes the [sic] under the United States Supreme Court decision in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967), if the suit only alleges that the agreement as a whole was entered into under duress then it is proper for determination by the arbitration panel."*) Frontino's subsequent and only follow-up to this admission is to seek to amend his Complaint and no substantive opposition whatsoever is proffered.

Accordingly, HRM submits that this Honorable Court must dismiss Frontino's Complaint in favor of arbitration.

## POINT III

## (Memorandum Of Law In Objection To Plaintiff's Motion To Amend)

AN AMENDMENT OF THE COMPLAINT IS NOT PROPER

An amendment to flesh out the allegations of a cause of action sounding in fraud, an amendment to include a necessary party, or an amendment to embrace newly discovered facts are generally permitted under the Federal Rules of Civil Procedure. These amendments reflect the practical realities associated with litigation and allow for a preferred resolution on the merits.

However, an amendment whereby a party seeks to completely recast its allegations so as to avoid dismissal (or in this case, to avoid arbitration) is wrongful, not permitted, and has been characterized as being in bad faith.

HRM's motion to dismiss and/or compel arbitration is not a procedural motion aimed at the sufficiency of the Plaintiff's allegations as Frontino would have this Honorable Court believe. Instead, HRM's motion is a substantive challenge to the right of this forum to adjudicate the disputes at issue. With all the facts before him, Frontino pleaded that the entire marine salvage contract was entered into under duress and such a challenge, Frontino now concedes, is properly resolved by arbitration. Thus, Frontino's eleventh-hour attempt to amend the Complaint so as to avoid arbitration is an improper tactical maneuver which must be rejected.

A. The Standard For Permitting An Amendment Under Fed. Rule Civ. P. 15

Motions to amend the complaint are within the discretion of the trial court. *See. ,e.g.*, Adorno v. Crowley Towing & Transp. Co., 2006 U.S. App. LEXIS 8202 (1st Cir. 2006); Interstate Litho Corp. v. Brown, 255 F.3d 19, 25 (1st Cir. 2001). Typically, and unlike the case at bar, proposed amendments are liberally granted because they insure resolution of the issues on the

merits.[1] On the other hand, where the proposed amendment is a product of bad faith, the amendment is universally denied. *See, e.g.*, Foman v. Davis, 371 U.S. 178 (1962).

Here, the debate is not whether the disputed issues will be resolved on the merits, but rather where the issues will be resolved. Thus, the decisional law respecting liberal amendments is not implicated, and the only issue is whether the proposed amendment is made in bad faith.

B. Frontino's Proposed Amendment Is Made In Bad Faith And Must Be Denied

Frontino's amendment is an improper tactical ploy designed to avoid having the disputed issues resolved by an arbitrator. In such circumstances, the jurisprudence clearly prohibits such amendments due to their bad faith basis.

Bad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage. See 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1488 at 444 (1971). For instance, in PowerAgent, Inc. v. United States Dist. Court, 2000 U.S.App. LEXIS 633 (9th Cir. 2000), the Ninth Circuit prohibited a plaintiff from dropping from its complaint various factual allegations so as to circumvent a previously issued order compelling arbitration. More pointedly, and as described in a related Court of Appeals decision, the district court in the PowerAgent, Inc. matter had previously struck the plaintiff's amended complaint on the ground that "a plaintiff should not be allowed to contradict allegations in a prior complaint to avoid arbitration." PowerAgent, Inc. v. Elec. Data Sys. Corp., 358 F.3d 1187 (9th Cir. 2004); *See also*, Halliburton & Associates, Inc. v. Henderson, Few & Co., 774 F.2d 441 (11th Cir. 1985) (affirming district court's denial of an amendment designed solely to undermine availability of arbitration by adding parties and asserting a new cause of action.); Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840 (2nd Cir. 1987) (stating that it has long been settled that a party may

[1] Still, amendments are not automatically granted. Indeed, the text of Fed. Rule Civ. P. 15 makes clear that permission to amend is only to be given "when justice so requires". In the case at bar, justice is sated by a dismissal not an amendment.

not avoid fulfilling its promise to submit disputes to arbitration by the mere expedience of labeling or formulating its causes of action in such a manner so as to escape arbitration.)

Frontino's attempt to amend his complaint is the very same kind of tactical ploy universally rejected by the Second, Ninth, and Eleventh Circuits.

Further reasoned bases for denying Frontino's motion to amend are found in the context of decisions denying amendments which attempt to destroy "the federal court's removal jurisdiction by altering the complaint so that it will be remanded." Id. at § 1487. Such was the circumstance in Syme v. Rowton, 555 F. Supp. 33 (D.C. Mont. 1982), where the plaintiff's state court filing was removed by the defendant. Promptly following the removal, the plaintiff sought to amend the complaint to add various defendants which would have resulted in the case being remanded. The district court denied the motion to amend on the basis that the "plaintiffs' primary motive in seeking to add the nondiverse defendants is to defeat the jurisdiction of this court." Id. at 35. Similarly, the Fifth Circuit Court of Appeals in Cotton Bros. Banking Co. v. Industrial Risk Insurers, 941 F.2d 380 (5th Cir. 1991), affirmed the trial court's refusal to allow an amendment of a complaint to change the name of a defendant in what was described as a "ploy" to defeat a compulsory counterclaim.

Finally, that Frontino cannot assert that newly discovered facts are the basis for his motion to amend is fatal. For instance, in Ferrell v. The Honorable George Busbee, 91 F.R.D. 225 (N.D.Ga. 1981), a plaintiff sought to amend its complaint to avoid dismissal under somewhat analogous circumstances. In flatly rejecting the plaintiff's tactical maneuvering, the district court stated:

> After careful consideration, the court DENIES plaintiff's motion to amend. Plaintiff had to know of the facts upon which the amendment was based at the time the complaint was filed. Plaintiff in his brief admits that the issues in the amendment are

> "interrelated" with those in the original complaint. Indeed, it is fairly obvious that plaintiff is simply attempting to substitute a section 1983 claim for a section 1981 claim after defendants' motion to dismiss pointed out the flaws in the section 1981 claim. The court will not be a party to such tactics.

(Id. at 231-232) (internal citations omitted) (emphasis added)

It is undisputed that Frontino had all the facts before him when he filed the lawsuit and elected to challenge the enforceability of the entire marine salvage contract rather than the arbitration term itself. Now, with the curtain falling, the insurer seeks to keep Frontino on stage by insisting that Frontino really meant to challenge the arbitration term and that his failure to articulate this allegation was mere "oversight". (Plaintiff's Motion To Amend, p. 2) These assertions are belied by the plain language of Frontino's Complaint and must be rejected in their entirety.[2]

C. Frontino's Motion To Amend Does Not Comport With Local Rule Cv 15

Local Civil Rule 15 states as follows:

> Any motion to amend a pleading shall be made promptly after the party seeking to amend first learns the facts that form the basis for the proposed amendment. A motion to amend a pleading shall be accompanied by:
>
> (a) the proposed amended pleading; and
>
> (b) a supporting memorandum that explains how the amended pleading differs from the original and why the amendment is necessary.

Frontino's motion is facially defective in that it was not made promptly after he learned of the facts supporting the proposed amendment. There are no new facts raised by the amendment

---

2 From the inception of HRM's salvage claim, Frontino's (or, more accurately, his marine insurer's) sole objection has been to the specific payment term that Frontino, himself, inserted into the salvage agreement and which provides for a salvage award based on a fixed percentage. Prior to HRM's motion, there was never any discussion as to the arbitration term and it is disingenuous and wrongful for Frontino to now raise this issue in an improper attempt to avoid having this matter resolved by arbitration.

and, instead, Frontino simply recasts the allegations so as to avoid what he concedes is an arbitrable dispute!

Accordingly, Frontino's motion to amend violates the Local Rule and should be denied.

D. Frontino's Amendment Is Futile Such That It Must Be Denied

A proposed amendment may also be denied on the basis that it would not advance the movant's position or otherwise remedy an alleged defect. *See, e.g.*, Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters.") Here, the proposed amendment is properly denied on this basis for the following reasons:

i. *The Proposed Amended Complaint Continues To Challenge The Validity Of The Entire Contract Subjecting It To The Holding In Prima Paint And Requiring That The Entire Dispute Be Referred To Arbitration*

Frontino's prayer for relief set forth at the conclusion of the proposed complaint seeks only "for a judgment declaring that the salvage contract is unenforceable." Furthermore, Frontino continues to insist that this Honorable Court adjudicate Frontino's "liability to the defendants for any alleged marine services, and, if so, in what amount." (Proposed Amended Complaint, ¶ 6) While Frontino inserts proposed language challenging the arbitration term as being unfair and unenforceable (an assertion never previously raised much less intimated), he continues to challenge the validity of the entire marine salvage contract making this matter properly subject to arbitration.[3]

[3] There is simply no prejudice to Frontino should this matter be referred to arbitration. The Boat Owners' Association of the United States Salvage Arbitration Plan is specifically designed to adjudicate these very types of disputes and the parties are free to choose from an extensive list of pre-approved arbitrators all of whom possess significant experience in the fields of marine towing and salvage and/or maritime law. In addition, the Honorable Ursula Ungaro-Benages, United States District Judge, Southern District of Florida, stated the following in the context of a similar challenge by a vessel owner: "*Moreover, Defendant [vessel owner] expressed concerns about the fairness of the arbitration proceeding as provided by the BOAT/U.S. Salvage Arbitration Plan. This Court has reviewed the Plan and finds such concerns to be unwarranted.*" (Offshore Marine Towing, Inc. v. M/Y MR23,

ii. *Frontino Fails To Plead A Basis For Overcoming The Presumption That The Arbitration Term Is Enforceable*

Under normal circumstances, an arbitration term contained within a maritime contract admittedly signed by the contracting party is sufficient to require the district court to send any controversies to arbitration. Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 854 (11th Cir. 1992). Significantly, Frontino does not contest signing the marine salvage contract. In addition, Frontino does not challenge the existence of an agreement to arbitrate. Furthermore, Frontino fails to articulate that the alleged duress, fraud and/or misrepresentation was related to the arbitration agreement.

The jurisprudence is clear that the party challenging the enforceability of an arbitration clause on the grounds of fraud or misrepresentation must show a "substantial relationship between the fraud or misrepresentation and the arbitration clause in particular." Mahant v. Lehman Bros., 32 Fed. Appx. 598 (2d Cir. 2002). Here, Frontino simply does not allege that the conduct giving rise to his allegations were directed specifically at the arbitration agreement contained in the marine salvage contract. The lukewarm assertion that the "arbitration agreement was entered into under duress, misrepresentation and/or is unfair and unenforceable" is insufficient to devolve the arbitrators of jurisdiction in this matter. (Complaint ¶ 11) See also, Storie v. Household Int'l, Inc., 2005 U.S. Dist. LEXIS 40292 (D. Mass. 2005) (denying plaintiff's motion to reconsider the granting of defendants' motion to dismiss; stating "In essence, the Stories contend that the economic duress from which they suffered caused them to enter the Loan Agreement; they do not explain how any such duress caused them to enter the Arbitration Rider specifically. As such, this argument is one that must be presented to the arbitrator.")

---

Civil Action no.: 02-CV-60988, Nov. 21, 2002 Order Granting Motion To Stay And Compel Arbitration, Docket entry no. 34.)

## CONCLUSION

The Plaintiff fully concedes that all of the issues raised in his Complaint are subject to arbitration. Accordingly, this Honorable Court should dismiss the Complaint in favor of arbitration.[4] In the alternative, and pursuant to the Federal Arbitration Act, this Court should dismiss or stay the lawsuit and refer the parties to arbitration.

As respects the Plaintiff's tactical ploy of moving to amend his complaint, the same should be denied for the reasons set forth herein.

Finally, HRM respectfully requests that an inquest be scheduled in connection with its application for attorneys' fees and costs.

Benjamin V. White, Esq., No. 1652
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
bwhite@vetterandwhite.com
mdaly@vetterandwhite.com

April 25, 2006

Certification

I hereby certify that on this 25th day of April, 2006, I served a true and accurate copy of the foregoing upon Robert E. Collins, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108, by first-class, postage prepaid mail.

- Of Counsel -
John K. Fulweiler, Esq.
DeOrchis & Partners, LLP
*Pro Hac Vice Admission (April 17, 2006)*

4 The Defendants' intention is that all of the issues before this Honorable Court be arbitrated in accord with the terms of the Salvage Contract. By seeking a dismissal of the Complaint, the Defendants do not intend to impair their counterclaim which they contemplate pursuing at arbitration.